UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLHA NIKOLAYCHUK, | No. 2:21-cv-00899-JAM-AC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COSTCO WHOLESALE CORPORATION and DOES 1 to 20, inclusive, | |
| Defendants. | |

Before the Court is Costco Wholesale Corp.'s ("Defendant") motion for summary judgment. See Mot., ECF No. 16. Olha Nikolaychuk ("Plaintiff") opposed. See Opp'n, ECF No. 21. Defendant replied. See Reply, ECF No. 22. For the following reasons, Defendant's motion is GRANTED.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff alleges that, while at Defendant's store, she "slipped and fell on a slippery substance on the floor, causing her to suffer serious personal injuries." Complaint at 1, Notice of Removal Ex. A, ECF No. 1.  She brought two causes of action

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 1, 2023.

1

against Defendant: (1) premises liability and (2) negligence. Id. at 4-5.  Plaintiff originally filed suit in Sacramento County Superior Court.  Notice of Removal at 1.  Defendant then timely removed to federal court under diversity jurisdiction.  Id.

Defendant now seeks summary judgment in its entirety, arguing in part that there is insufficient evidence to support a jury finding that Defendant breached its duty.  See Mot. at 3-6. Plaintiff counters that the evidence cited in her opposition creates a genuine dispute as to breach.  See Opp'n at 4-6.

## II.  OPINION

### A.  Legal Standard

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

It is not a court's task "to scour the record in search of a genuine issue of triable fact."  Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal citation omitted).  Rather, a court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment."  See id. (internal citation omitted).

B.  Analysis

    1.  Applicable Law

"The elements of a cause of action for premises liability are the same as those for negligence: duty, breach, causation, and damages." Castellon v. U.S. Bancorp, 220 Cal. App. 4th 994, 998 (2013). "California law requires landowners to maintain land in their possession and control in a reasonably safe condition." Ann M. v. Pac. Plaza Shopping Ctr., 6 Cal. 4th 666, 674 (1993). "[P]remises liability alleges a defendant property owner allowed a dangerous condition on its property." Delgado v. Am. Multi-Cinema, Inc., 72 Cal. App. 4th 1403, 1406 (1999).

It is a plaintiff's burden to show that a defendant "failed in the discharge of the duty to use reasonable care." Zito v. Weitz, 62 Cal. App. 2d 161, 164 (1944). "Negligence is never presumed. The burden of proof [is] upon plaintiff to prove its existence either directly or by facts and circumstances from which negligence may be inferred. No inference of negligence arises from the mere proof of a fall . . . ." Harpke v. Lankershim Ests., 103 Cal. App. 2d 143, 145 (1951); see also Brown v. Poway Unified Sch. Dist., 4 Cal. 4th 820, 826 (1993) (holding that res ipsa loquitur does not generally apply to slip and fall cases).

Moreover, a plaintiff must provide specific facts about what caused their fall because "slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact." Nicola v. Pac. Gas & Elec.

3

1  Co., 50 Cal. App. 2d 612, 615-16 (1942).  For example, in <u>Buehler</u>
2  <u>v. Alpha Beta Co.</u>, 224 Cal. App. 3d 729, 734 (1990), the court
3  held that "all appellant can argue is that she slipped and fell.
4  She lost her balance for some unknown reason.  She did not see
5  anything on the floor which caused her to slip and fall and did
6  not know what caused her to slip."  Based on this evidence, the
7  <u>Buehler</u> court concluded that the trial court properly granted
8  summary judgment for defendant.  <u>See</u> <u>id.</u>

9      Similarly, in <u>Harpke</u>, 103 Cal. App. 2d at 146, the court
10 held, "No inference of negligence arises merely from proof that
11 the floor was 'slippery' in the absence of proof of some foreign
12 substance upon the floor, or proof of a dangerous condition
13 created by, or known to, the owner.  While a duty is imposed upon
14 the owner of a building to police and inspect a stairway it
15 invites others to use, the minimum duty of a plaintiff is to show
16 that the stairway was in fact unsafe and that she fell because of
17 that condition."

18          2.   <u>Breach of Duty</u>

19     Plaintiff has failed to provide evidence creating a genuine
20 issue of material fact as to whether Defendant breached its duty
21 to Plaintiff.  As such, Defendant is entitled to summary judgment
22 as a matter of law.

23     The Court can rely on Plaintiff to "identify with reasonable
24 particularity the evidence that precludes summary judgment."  <u>See</u>
25 <u>Keenan</u>, 91 F.3d at 1279.  In her opposition, Plaintiff points to
26 two pieces of evidence that she argues create a genuine dispute
27 as to breach.  First, she cites the testimony of Defendant
28 employee Kathryn Condley, who was assigned to do a walkthrough of

1  Defendant's store when Plaintiff fell.  See Opp'n at 4; Garilli
2  Decl. Ex. 2 45:3-5, ECF No. 21-2.  When shown a 17-minute video
3  of the incident, Condley testified that she did not see herself
4  walking through the area where Plaintiff fell.  Id. 45:6-12.
5  This testimony is not probative of whether a dangerous condition
6  existed.  Instead, it only shows that during the 17-minute window
7  before Plaintiff fell, Condley did not inspect the area.  Thus,
8  this evidence does not create a genuine dispute as to breach.
9      Second, Plaintiff contends that her testimony shows she
10 slipped on a puddle of oil.  See Opp'n at 5.  But Plaintiff
11 testified that she did not see a spill before she fell.  Jaime
12 Decl. Ex. A 38:7-23, ECF No. 16-3.  Plaintiff further testified
13 that, when she saw oil on the ground after she fell, she did not
14 know from where it came.  Id.  This testimony is not "sufficient
15 evidence" for a jury to return a verdict for Plaintiff regarding
16 breach.  See Anderson, 477 U.S. at 249. As noted above, "[i]t is
17 the degree of slipperiness that determines whether the condition
18 is reasonably safe."  To avoid summary judgment, Plaintiff needs
19 to provide facts that allow a jury to determine whether there was
20 a dangerous condition.  See Nicola, 50 Cal. App. 2d at 616.
21 Plaintiff has not presented facts enabling a jury to find the
22 "degree of slipperiness" and thereby whether there was a
23 dangerous condition.  See id.
24     Though the Court may rely entirely on Plaintiff's opposition
25 to identify evidence creating a genuine dispute, its review of
26 other evidence also supports the conclusion that Defendant is
27 entitled to summary judgment.  Plaintiff asked Defendant employee
28 Alex Borisov to clean a spill after she fell.  Jaime Decl. Ex. C

15:1-15. However, upon seeing video of the fall, Borisov testified that he recalled cleaning a different area than where Plaintiff fell. Id. 23:1-25. Plaintiff presents no witness testimony or other evidence regarding the spill. Instead, she relies entirely on the two pieces of evidence that, as explained above, are insufficient to establish that a dangerous condition existed. Accordingly, Plaintiff has failed to meet her burden of showing that the floor "was in fact unsafe and that she fell because of" a dangerous condition. See Harpke, 103 Cal. App. 2d at 146. As such, summary judgment is appropriate because Plaintiff's evidence only shows that she slipped and fell. See Buehler, 224 Cal. App. 3d at 734.

"[S]ince a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," the Court does not consider the parties' remaining arguments. See Celotex, 477 U.S. at 317.

## III. ORDER

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED in its entirety.

The Clerk of the Court is directed to enter judgment in favor of Defendant Costco Wholesale Corporation and close this action.

IT IS SO ORDERED.

Dated: March 3, 2025

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE